UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL BOONE NEWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-692-JD-MGG |
| | ) |
| MICHAEL D. GRZEGOREK, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Daniel Boone Newman, a prisoner without a lawyer, has filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Newman alleges that he is housed as a pretrial detainee in the medical wing at the St. Joseph County Jail, where he is locked in his cell for 23 hours per day. He alleges that the St. Joseph County Jail's policies discriminate against physically disabled inmates by denying them privileges afforded to other inmates. This is not the only time Newman has filed a claim regarding such policies at the St. Joseph County Jail. He is currently proceeding on similar claims in *Newman v.*

*Grzegorek*, 3:17-cv-691 (N.D. Ind. filed September 11, 2017). In both cases, Newman seeks money damages and injunctive relief for additional privileges.

"The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* Because it is legally frivolous for Newman to proceed on a claim in this case that duplicates one he is already pursuing in another case, this case is dismissed.

Although it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, this case is **DISMISSED**.

SO ORDERED.

ENTERED: January 9, 2018

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court